# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| APRIL CHERISE HAMLIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | Civil Action No. 11-568 |
| v. ) | Hon. Nora Barry Fischer |
| ) | |
| VITAL RECORDS DEPARTMENTS, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER OF COURT

Presently before the Court is a "Petition to amend/reinstate" and a "Correction to: Petition to amend/reinstate" (Docket Nos. [3], [4]) filed by Plaintiff April Cherise Hamlin on July 18, 2011 and July 19, 2011, respectively. The Court construes Plaintiff's submissions as a motion for reconsideration of the Court's May 12, 2011 Order, dismissing this case for lack of subject matter jurisdiction. (*See* Docket No. 2). For the following reasons, Plaintiff's motion for reconsideration [3] is denied.

"Motions for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure are granted *sparingly* '[b]ecause federal courts have a strong interest in finality of judgments.'" *Jacobs v. Bayha*, Civ. A. No. 07-237, 2011 WL 1044638, at *2 (W.D.Pa. Mar. 18, 2011) (quoting *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F.Supp. 938, 943 (E.D.Pa. 1995)) (emphasis added). "Because of the interest in finality, at least at the district court level … the parties are not free to relitigate issues the court has already decided." *Williams v. City of Pittsburgh*, 32 F.Supp .2d 236, 238 (W.D.Pa.1998) (citing *Rottmund v. Continental Assurance Co.*, 813 F.Supp. 1104, 1107 (E.D.Pa.1992)). The purpose of a motion for reconsideration is "'to correct manifest errors of law or

1

fact or to present newly discovered evidence.'" *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). A Court may grant a motion for reconsideration if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café by Lou Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). Motions to amend or alter judgment under Rule 59(e) "must be filed no later than 28 days after entry of judgment." Fed.R.Civ.P. 59(e). Rule 6(b)(2) provides that the time limitations set forth in Rule 59(e) may not be extended by the Court. *See* Fed.R.Civ.P. 6(b)(2) ("A court must not extend the time to act under Rules 50(b) and (d), 59(b), (d) and (e)."); *see also Schneider ex rel. Estate of Schneider v. Fried*, 320 F.3d 396, 402 (3d Cir.2003) (holding that the district court lacked authority to extend the 10 day period in the former version of Rule 59(b)).

Initially, Plaintiff's motion must be dismissed as untimely. This case was dismissed on May 12, 2011 but the present motion was not filed until July 18, 2011 – clearly outside the 28-day period required for such a motion. *See* Fed.R.Civ.P. 59(e). However, even if the submission was timely, Plaintiff's motion for reconsideration fails on the merits because she has not set forth any intervening changes in the controlling law; new evidence; or clear errors of law or fact made by the Court in its May 12, 2011 dismissal Order, which would warrant granting reconsideration. *See Max's Seafood Café by Lou Ann, Inc.*, 176 F.3d at 677.

Plaintiff's present submissions consist of essentially amended complaints setting forth many of the same allegations as those included in her in initial Complaint, which was dismissed for lack of

subject matter jurisdiction. (Docket Nos. 3, 4). On review, the allegations contained in Plaintiff's "Petition to amend/reinstate" and her "Correction to: Petition to amend/reinstate" demonstrate to the Court that this case was appropriately dismissed. (*Id.*).

First, the fact that Plaintiff has cited statutory provisions and/or quoted statutory language in her submissions does not by itself grant this Court subject matter jurisdiction. Instead, as the Court explained in its May 12, 2011 Order, this Court must evaluate the Plaintiff's allegations against each of the Defendants to determine if Plaintiff has met her burden to demonstrate that subject matter jurisdiction is properly exercised. *McCracken v. ConocoPhillips Co.*, 335 Fed.App'x. 161, 162-163, 2009 WL 1911764, 1 (3d Cir. 2009) (citing *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993)). If subject matter jurisdiction is lacking, the Court must dismiss the case. *See* Fed.R.Civ.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Second, it is clear that this Court lacks subject matter jurisdiction over this case. The parties are not diverse as both Plaintiff and the Pennsylvania Department of Vital Records are citizens of the Commonwealth of Pennsylvania; therefore, subject matter jurisdiction is not present under section 1332. *See* 28 U.S.C. § 1332. Plaintiff has also failed to demonstrate that this is a "civil action[ ] arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

To this end, Plaintiff's submissions are devoid of any allegations which would support a plausible claim for relief under § 1983 against the Vital Records Departments in Pennsylvania, California, New Jersey, Indiana, and Georgia. Plaintiff has sued these Defendants in an apparent effort to locate birth certificates and/or other records pertaining to her children. (Docket Nos. 3, 4). But, she has not asserted that these entities violated her constitutional rights in any fashion. *See*

*Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) ("to state a claim of liability under § 1983, [a plaintiff] must allege that she was deprived of a federal constitutional or statutory right by a state actor."). The departments that she has contacted in Pennsylvania, California and Indiana were unable to fulfill her requests for information. (Docket Nos. 3, 4). Plaintiff also admits that she has not contacted the Vital Records Departments in Georgia and New Jersey. (*Id*.). These factual allegations do not plausibly state a claim for relief under § 1983 against the Defendants. *See Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937 (2009); *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007). In addition, the birth records which she complains were not provided are not of federal concern or the subject of federal laws. Instead, they are created, maintained and administered pursuant to state statutes and regulations. *See, e.g.,* 28 Pa.Code. §§ 1.1, *et seq.*; 26 N.J.S.A. §§ 8-28; 31 Ga.Code. §§ 10-1, *et seq.*; Cal. Health & Saf. Code D., Pt. 1, Ch. 3, Art. 1, *et seq.*; IC 16-37-1-7, *et seq*.

The Court understands that Plaintiff's quest to find her children is important to her. However, initiating a federal lawsuit against Vital Records Departments in Pennsylvania, California, New Jersey, Indiana, and Georgia is not the proper way to accomplish this goal. As this Court lacks subject matter jurisdiction, it is without authority to order the relief that Plaintiff requests in this lawsuit and it must be dismissed. *See* Fed.R.Civ.P. 12(h)(3). Accordingly, Plaintiff's motion for reconsideration [3] is DENIED.

<u>s/Nora Barry Fischer</u>
Nora Barry Fischer
United States District Judge

Date: August 2, 2011
cc: April Cherise Hamlin, *pro se*
      P.O. Box 334
      Pittsburgh, PA 15230-0334
      (regular and certified mail)